**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PETER M. MCDEVITT,

      Plaintiff-Appellant,

v.

DISCIPLINARY BOARD OF THE
SUPREME COURT FOR THE STATE
OF NEW MEXICO; LARRY
RAMIREZ, Chairman; CHRISTINA
ARMIJO; MICHAEL D.
BUSTAMANTE; GREGG W. CHASE;
CHARLES W. DANIELS; PATRICIA
B. MURRAY; WARREN F.
REYNOLDS; ALEX ROMERO;
FREDDIE J. ROMERO; SARAH M.
SINGLETON; RAYMOND
HAMILTON; RICHARD L.
GERDING, in their official capacities;
TOM UDALL, Attorney General,

      Defendants-Appellees.

No. 96-2094
(D.C. No. CIV 94-383)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff/appellant Peter M. McDevitt appeals from the district court's order dismissing his complaint for injunctive and declaratory relief against defendants/appellees. We affirm.

Appellant is a licensed attorney in the State of New Mexico. His primary area of practice has been representing consumer debtors in proceedings under Chapters 7 and 13 of the United States Bankruptcy Code. He has advertised his legal services in the yellow pages of various telephone directories and in various newspapers.

In 1992, the New Mexico Supreme Court adopted revised legal advertising rules. See SCRA 16-701 through 707 (1995 Repl.) (as amended, effective August 1, 1992). Rule 16-707(B) requires any lawyer who advertises services through any public medium to file a copy of the advertisement with the Legal Advertising Committee of the Disciplinary Board (Committee) for evaluation of compliance with the legal advertising rules. The Rule further provides that the copy shall be filed either prior to or concurrently with the lawyer's first dissemination of the advertisement. See id. A filing fee of $50 per submission,

payable to the Disciplinary Board, must accompany the filing. SCRA 16-707(D)(4) (1995 Repl.) (as amended, effective August 1, 1992).

Appellant failed to submit certain advertisements to the Committee. The Committee requested disciplinary counsel for the Disciplinary Board to commence disciplinary proceedings against appellant for his failure to comply with the filing and fee payment requirements outlined above. Disciplinary proceedings were commenced against appellant for violation of the filing and fee payment requirements. During the disciplinary proceedings, appellant attempted to raise a constitutional challenge to the Rules; however, the hearing panel appointed by the Disciplinary Board held that the panel was not empowered to consider the constitutional issues appellant raised.

The hearing panel found that appellant had violated Rule 16-707(B), and recommended that he be formally reprimanded and placed on probation. The Disciplinary Board adopted the hearing panel's recommendations, and recommended to the Supreme Court of New Mexico that appellant be issued a formal reprimand, but that imposition of the reprimand be deferred on the condition that appellant submit all of his advertisements to the Committee for review and that he comply with all other requirements contained in the Rules. Appellant filed a petition for review of the panel's decision with the Supreme Court of New Mexico, which summarily denied the petition.

Appellant thereafter filed this action in federal district court, asserting that New Mexico's procedure for reviewing advertisements violated his First Amendment rights because (1) the requirement that he submit the advertisement to the Committee constituted a prior restraint; (2) the submission procedure unduly burdened his right of commercial speech; and (3) the requirement that he pay a $50 fee was an unconstitutional tax on speech. The district court dismissed appellant's prior restraint claim, and granted summary judgment on the other two claims.[1]

We review de novo the district court's order dismissing for failure to state a claim, see Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996), and its grant of summary judgment, see David v. City & County of Denver, 101 F.3d 1344, 1355 (10th Cir. 1996). In reviewing summary judgment, we apply the same standards as the district court. See id. Factual disputes must be resolved and inferences drawn in favor of the nonmoving party. See id. "Summary judgment is warranted only if the uncontroverted material facts establish that the moving party is entitled to judgment as a matter of law." Id.

---

[1] Appellant also asserted a claim, before the district court, that the submission requirement violated his First Amendment rights because some Committee members were also attorneys in active practice who had a bias or inherent interest in rejecting advertisements from competing attorneys. He has not renewed this argument on appeal.

1. <u>Prior restraint</u>

Appellant contends that the advertising rules are constitutionally invalid because they impose a prior restraint on the content of his advertisements. His contention is without merit. "Governmental action constitutes a prior restraint when it is directed to suppressing speech because of its content <u>before the speech is communicated</u>." <u>Cummins v. Campbell</u>, 44 F.3d 847, 853 (10th Cir. 1994) (emphasis added) (quoting <u>O'Connor v. City and County of Denver</u>, 894 F.2d 1210, 1220 (10th Cir. 1990)). Rule 16-707(B) allows appellant to submit his advertisement either in advance <u>or</u> concurrently with its first publication. So long as he submits his advertisement concurrently with its first publication, any disapproval must inevitably occur not prior to, but following, the dissemination of the advertisement.

Moreover, the Committee is not empowered to restrain publication of a noncomplying advertisement. In the event it finds that an advertisement is not in compliance with the applicable rules, the Committee may only advise the attorney that continued publication may result in professional discipline, <u>see</u> Rule 16-707(G), and report the results of its investigation and make recommendations to the disciplinary counsel, <u>see</u> Rule 16-706(C).

2.  <u>Burden of submission procedure</u>

Appellant argues that the submission procedure places an undue burden on his First Amendment right to advertise his legal services. While the courts generally accord speech by attorneys on public issues and matters of legal representation the strongest protections the Constitution has to offer, a lesser degree of protection is reserved for purely commercial advertising. See Florida Bar v. Went For It, Inc., 115 S. Ct. 2371, 2381 (1995). Attorney standards and conduct have traditionally been subject to extensive regulation by the States, making it particularly appropriate to apply only limited scrutiny to state regulations concerning attorney advertising. See id. In analyzing such restrictions, the courts apply "intermediate" scrutiny, using the framework set forth in Central Hudson Gas & Electric Corp. v. Public Service Commission, 447 U.S. 557 (1980). See Went For It, Inc., 115 S. Ct. at 2375-76.

Under Central Hudson, courts apply a four-part analysis to regulation of commercial speech. First, the court determines whether the expression is protected by the First Amendment. Central Hudson, 447 U.S. at 566. The government may freely regulate commercial communications which are misleading or related to unlawful activity. See id. at 563-64. Commercial speech which falls into neither of these categories may be regulated only if the government satisfies the three remaining portions of the test. The government must assert a substantial interest to be achieved by the restriction. Any restriction

must directly advance the state interest involved. Finally, the regulation must be narrowly drawn. See id. at 564-66; see also Went For It, Inc., 115 S. Ct. at 2376.

The state here asserts its interest in ensuring that the public receives truthful, relevant and meaningful information regarding its need for attorneys, the availability of legal services and the cost of such services. This interest is substantial. See Edenfield v. Fane, 507 U.S. 761, 769 (1993). However, as the challenged regulation impacts both truthful and deceptive or inaccurate speech by requiring that all advertisements be filed, the state must also satisfy the remaining two elements of the Central Hudson test. See Edenfield, 507 U.S. at 768-69.

To satisfy the third element of the Central Hudson test, the state must show a real harm to its asserted interest which the restriction will alleviate to a material degree. See Rubin v. Coors Brewing Co., 115 S. Ct. 1585, 1592 (1995). The state presented a summary of evidence gathered by its Task Force Committee concerning public attitudes toward attorney advertising, discussing studies which show that the public's regard for the trustworthiness, honesty and professionalism of lawyers has been adversely affected by attorney advertising. The Task Force Committee studied various rules that have been proposed in other states to regulate attorney advertising, and, with considerable participation by the State Bar Commissioners, New Mexico attorneys, and the New Mexico Supreme Court, and an opportunity for public comment, it developed its own rules which it claims are

designed to foster rational, intelligent and voluntary decision-making on the part of the public concerning legal services.

The Supreme Court has implicitly endorsed the ability of supervisory filing and review systems such as the one now in use in New Mexico to alleviate harms associated with attorney advertising. Moreover, the Court has noted that a filing system is a narrowly-tailored means for addressing such harms. In <u>Shapero v. Kentucky Bar Association</u>, 486 U.S. 466, 476 (1988), the Court, in discussing direct-mail solicitation, noted as follows:

> The State can regulate such abuses and minimize mistakes through far less restrictive and more precise means, the most obvious of which is to require the lawyer to file any solicitation letter with a state agency, giving the State ample opportunity to supervise mailings and penalize actual abuses. (citations omitted)

<u>See also</u> <u>In re R.M.J.</u>, 455 U.S. 191, 206 (1982) (suggesting a system of filing all general mailings with the Advisory Committee as a "less restrictive path" for ensuring supervision). We conclude that the remaining elements of the <u>Central Hudson</u> test are met here.[2]

---

[2]     Appellant argues that the state's use of a newspaper clipping service would provide a less intrusive method of supervising lawyer advertising. He has submitted no evidence on either the costs or feasibility of using a clipping service. He does not explain how a clipping service would provide a good substitute for several requirements found in the current rule: that attorneys submit a copy of the advertisement in the form in which it is to be disseminated, including videotapes or audiotapes, that they file a transcript in the event that the advertisement is transmitted by means of audio or video media, and that they

(continued...)

3.  Payment of filing fee

Finally, appellant argues that the requirement that he pay a $50 fee to the Disciplinary Board for each submission of advertising for review constitutes an unconstitutional tax on speech.  Rule 16-707(D)(4) specifically provides that the filing fee will be used solely to defray the cost of administering the Rules.  A fee of this sort, which is used to meet expenses incident to the administration of a regulatory statute governing exercise of a constitutional right, does not constitute an unconstitutional infringement of that right.  See, e.g., Cox v. New Hampshire, 312 U.S. 569, 576-77 (1941) (upholding license fee on parade).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[2](...continued)
detail the anticipated frequency or use of the advertisement and the time period during which it is to be run.  See Rule 16-707(D).